UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAMIEN D. GAMBRELL,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>M.D. JOHN DOE and R.N. JESSICA JONES,<br><br>　　　　　　　　　　　Defendants. | Case No. 16-CV-1554-JPS<br><br><br>**ORDER** |

　　　　The plaintiff, who is incarcerated at Brown County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4); *see* (Docket #5).

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

　　　　This complaint must be dismissed because the claims are already subject to pending litigation by the plaintiff. In the instant case, the plaintiff complains that in August and September 2015, a doctor and nurse at the Brown County Jail (the "Jail"), both apparently working for "Correct Care Solutions," failed to recognize his food allergies when reviewing his medical file. *See generally* (Docket #1). These are the very same facts which underlay

the plaintiff's pending lawsuit in this District before District Judge Charles N. Clevert, Jr. *See Gambrell v. Wiechart*, 15-CV-1146. In that case, Judge Clevert screened the operative complaint on July 7, 2016, and the defendant's summary judgment motion is now pending. *See* 15-CV-1146, (Docket #29 and #47).

In his screening order on the operative complaint, Judge Clevert dismissed most of the defendants and claims raised by the plaintiff, including these defendants. *See* (Docket #29 at 4-5). Apparently unsatisfied with that result, the plaintiff filed this action.[1] The plaintiff may not sidestep Judge Clevert's ruling by simply filing a new case; the plaintiff may only seek relief from that ruling by appealing it, if and when appropriate, within the confines of the first case. Judge Andersen of the Northern District of Illinois explained the applicable principles:

> Dismissal of an action as frivolous under § 1915(d) is given preclusive effect as against claims raised in subsequent complaints presented for filing in forma pauperis. *Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. [2014]), *cert. denied*, 115 S.Ct. 641 (1994); *see Besecker v. Illinois*, 14 F.3d 309, 310 (7th Cir. 1994). Once a claim is dismissed on the merits, plaintiff cannot just turn around and launch another complaint asserting the same claim against the same defendants, or their privies, in the remote hope that he might fare better the second time around. Litigation is expensive and the courts must carefully manage their limited resources. A complaint that seeks to relitigate previously dismissed claims is frivolous within the meaning of

---

[1] It is interesting to note how the plaintiff stated the defendants' names. R.N. Jessica Jones is identified by name in both the old and new lawsuits. (Docket #1); 15-CV-1146, (Docket #29). M.D. John Doe in the new suit is actually Dr. Fatoki from the old suit. *Id.* It is unclear whether the plaintiff is simply confused about the identities of the defendants or if this was an intentional ploy to avoid the very ruling this Court now issues.

§ 1915(d). *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981). Moreover, to allow plaintiff to proceed with a multiplicity of claims alleging inadequate and crowded conditions of confinement which have already been addressed by this court and dismissed on their merits is a waste of judicial time.

*Horton v. Thomas*, No. 96-CV-367, 1996 WL 68013 *1 (N.D. Ill. Feb. 14, 1996). In accordance with this precedent, this action must be dismissed as malicious. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) ("'Malicious' in this context is sometimes treated as a synonym for 'frivolous,' . . . but we think [it] is more usefully construed as intended to harass.").

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as malicious;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20%

of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge